

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 29, 1939

Hon. Claude A. Williams
Assistant Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-549
Re: Certain questions relative to a foreign
corporation securing a permit to operate in
Texas.

We have received your request for an
opinion upon the following questions:

"1. If a corporation such as that
mentioned above is a corporation organized
in "for pecuniary profit" within the
meaning of section 1529, Revised Civil
Statutes of Texas.

2. If the corporation is organized
for pecuniary profit, can it be granted
a permit as an electrical cooperative and
can article 1530, requiring fifty per
cent of the capital stock to be subscrib-
ed, be disregarded?

3. If not organized for pecuniary
profit, can the corporation be granted
a permit under 1529b and article 1550
be disregarded?

4. If such a permit may be issued,
what are the fees to be charged therefor?"

Your first question asks us to determine
if the corporation described in your letter is
one organized "for pecuniary profit" within the

meaning of Article 1529 of our Statutes. We have only one Texas case on this point, City of San Antonio v. Salvation Army, 12 SW 660, and that case is of little help, for the facts are too remote from the present situation to throw any light on our problem. The Oklahoma Corporation has a capital stock divided into four hundred shares, with a par value of five dollars each. It is allowed to earn an eight per cent stock dividend or six per cent cash dividend per annum. Those dividends are paid to owners of stock, some of whom may not be users of the electric power furnished by this corporation.

The test promulgated in 14 Corpus Juris, Corporations, Section 51, is that its character or class is determined by the powers conferred upon it by its charter, articles or certificate of incorporation when formed under a general law. An examination of the articles presented to us convinces us that the Southwestern Rural Electric Cooperative is created for pecuniary profit, for aside from other benefits, it can reasonably be expected and is permitted to earn dividends for its stockholders or members.

Secondly, you ask if a permit may be issued to an electrical cooperative organized for pecuniary profit. Article 1528b of our Statutes provides our rules for a domestic rural electrification cooperative corporation. The statute makes no provisions for the entrance of a similar foreign corporation into Texas. However, it does not prohibit such an entrance. A permit may be issued them, but they must come in under the general rules of this state relating to a foreign corporation.

Your second question also asks if Article 1530 may be disregarded by granting a foreign corporation, that does not have fifty per cent of its capital stock subscribed, a permit to do business in Texas. We respectfully advise you that we find no authority, statutory or otherwise that

Hon. Claude A. Williams, March 29, 1939, Page 3

would give your department the right to disregard this requirement.

In view of our answers to questions 1 and 2, of your request, we do not think it necessary to answer questions 3 and 4.

You are hereby advised that under the Articles of Incorporation of the Oklahoma Corporation as outlined by you, and as given to me in conference by the attorney for this corporation, that in our opinion this is a corporation organized for pecuniary profit within the meaning of Article 1529. You are further advised that we find no authority for advising you that you may disregard the requirement of Article 1530 that fifty per cent of the capital stock be subscribed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Morris Hodges.
Morris Hodges
Assistant

MH:ob

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL